**Jack and Pearl RANDALL, Appellants,**

v.

**Dale ELDRIDGE, Susan Eldridge, and Dale Eldridge and Associates, Respondents.**

**No. 62335.**

Missouri Court of Appeals, Eastern District, Division Three.

July 6, 1993.

Dennis M. Devereux, St. Louis, for appellants.

Ira M. Potter, St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, Jack and Pearl Randall, appeal a judgment for $9,223.36 entered in their favor against respondents, Dale and Susan Eldridge, and Dale Eldridge & Associates, in the Circuit Court of the City of St. Louis. We affirm.

The instant case began on August 6, 1986, when appellants and respondents entered into a contract for rental of office space at 916 Olive Street. The contract provided a term of five years at $20,820 per year. In addition, the lease payment was to increase four percent annually and the first year of rent was waived in consideration of improvements to the building's interior. Respondents moved into the office space in November, 1986.

Respondents began paying rent in November, 1987. Until 1991, everything went smoothly. By July, 1991, however, respondents were severely behind in their rent payment. At this point, appellants claim

respondents abandoned the space, while respondents claim appellants changed the locks and locked them out.

Appellants filed the instant suit for rent and possession of the leased premises on September 6, 1991. The case went to trial on June 2, 1992. By that time, possession was no longer a matter of dispute. The court took the matter under submission and entered judgment for appellants on June 9, 1992, in the amount of $9,223.36. No explanation was provided as to how the court arrived at this figure.

Appellants filed a motion to amend judgment and a motion for new trial. In the alternative, appellants filed a motion for issuance of an opinion containing a statement of the grounds for the court's decision and the court's method for determining damages. The court denied all of these motions on June 22, 1992.

For their only point on appeal, appellants contend the court should have excluded parol evidence relating to the lease contract, and the failure to do so was error. Without the erroneously admitted evidence, appellants contend, the full measure of damages was $30,775.74, and the trial court erred by not awarding appellants that amount. We disagree.

The standard of review for judgments in court-tried cases is enunciated by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976): the judgment will be affirmed unless it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Id.* at 32. We note that erroneously admitted evidence in a court-tried case is rarely, if ever, a cause for reversal and then only when it appears from the record that the court relied on the evidence and that no other competent evidence supports the judgment. *City of Town & Country v. St. Louis County*, 657 S.W.2d 598, 608 (Mo. banc 1983); *Washington Univ. v. Royal Crown Bottling*, 801 S.W.2d 458, 470 (Mo. App., E.D.1990).

Turning to the case before us, the evidence forming the basis of appellants' complaint is an alleged statement by appellant Jack Randall telling respondents they could terminate the lease at any time and the lease rate would be $7.00 per square foot. Multiplying that rate by 2,450 square feet in the leasehold gives a yearly rental of $17,150.00—a figure not discussed by either party or the court. It is obvious to us that the trial court did not rely on this evidence; therefore, its admission, whether erroneous or not, is harmless. Point denied.

The judgment of the circuit court is affirmed.

SMITH and STEPHAN, JJ., concur.